IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J.D.A.S., INC.,

    *Plaintiff,*

v.

PHILLIPS ENTERPRISE, LLC and
KEVIN PARKINSON,

    *Defendants.*

CIVIL ACTION
NO. 18-3246

**PAPPERT, J.**                                                                                          April 8, 2019

## **MEMORANDUM**

J.D.A.S., Inc. sued Phillips Enterprises, Inc.[1] and Kevin Parkinson seeking damages for breach of contract and breach of contract on assignment, or in the alternative, unjust enrichment, and violations of the Pennsylvania Contractor and Subcontractor Payment Act. J.D.A.S. moves for default judgment against Parkinson on the issue of liability only. For the reasons that follow, the Motion is denied.

I

One consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). The Court need not, however, accept the plaintiff's legal conclusions. *DirecTV, Inc. v. Asher*, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006) (citing 10A

---

[1] The Complaint names "Phillips Enterprise, LLC" as a defendant. Phillips answered the Complaint on October 5, 2018 as "Phillips Enterprises, Inc." (Answer ¶ 2, ECF No. 9.)

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3d ed. 1998)).

The Complaint alleges that in August of 2014, "Parkinson introduced J.D.A.S. to Phillips." (Compl. ¶ 6, ECF No. 1.) J.D.A.S. and Phillips then entered a contract obligating J.D.A.S. to perform "certain work" at Nether Province Elementary School in exchange for $67,000.[2] (*Id.* at ¶¶ 8–9.) J.D.A.S. performed the work, but Phillips only paid J.D.A.S. $35,000. (*Id.* at ¶ 10.) J.D.A.S. informed Phillips and Parkinson that "a significant amount of debris was left over from the work . . . and that such debris had to be stored at substantial cost for which Phillips would be liable." (*Id.* at ¶ 14.) J.D.A.S. put the debris in storage and has been incurring storage costs of roughly $2,000 per month since that time. (*Id.* at ¶¶ 15–16.)

Phillips and Parkinson were also parties to a contract with Old York, LLC obligating them to provide construction and demolition services on a site in Jenkintown, Pennsylvania for $222,000. (*Id.* at ¶¶ 18, 48.) Parkinson and Phillips subcontracted the demolition, site-clearing and improvement work out to J.D.A.S. (*Id.* at ¶ 22.) "The Subcontract was not written; it was oral."[3] (*Id.* at ¶ 23.) At some point, Old York paid Parkinson and Phillips $75,000 "to commence work on the Project." (*Id.* ¶¶ 19, 32.) Parkinson, after receiving "at least some of the $75,000," "was never seen again on the [Jenkintown] project." (*Id.* at ¶ 20.) Parkinson and Phillips "failed to perform any or enough work sufficient to warrant such a payment." (*Id.* at ¶ 32.)

---

[2]    Nether Province Elementary School is in Delaware County, Pennsylvania.

[3]    The Complaint states that the subcontract also obligated J.D.A.S. to perform "hauling work" at the Nether Providence School. *See* (Compl. ¶ 22). It is unclear whether this obligation is distinct from J.D.A.S.'s obligations under the Nether Providence Elementary School contract discussed in ¶¶ 6–16 of the Complaint.

2

J.D.A.S. performed work under the subcontract from August to November of 2014 and invoiced Parkinson and Phillips for $240,000—$200,000 for the work in Jenkintown and $40,000 for what "was due and owing on another project for which J.D.A.S. was promised to be paid." (*Id.* at ¶ 25.) Parkinson and Phillips never paid J.D.A.S. for the work in Jenkintown, despite J.D.A.S.'s repeated demands. (*Id.* at ¶ 26.) Parkinson and Phillips also left equipment at the site in Jenkintown; when Old York demanded that J.D.A.S. move it, "J.D.A.S. did so at substantial costs to itself." (*Id.* at ¶ 30.) J.D.A.S. also stored the equipment, incurring more costs. (*Id.* at ¶ 31.) J.D.A.S. filed a mechanic's lien claim "against Old York and MPA, as the owners or putative owners of the [Jenkintown] Property." (*Id.* at ¶ 28.) Old York and MPA assigned Old York's rights against Phillips to J.D.A.S. (*Id.* at ¶ 29.)

J.D.A.S. filed its Complaint on August 1, 2018, alleging breach of contract (Count I) and breach of contract on assignment (Count II), or in the alternative, unjust enrichment (Count III), and violations of the Pennsylvania Contractor and Subcontractor Payment Act (Count IV). On September 4, Parkinson and Phillips, both unrepresented by counsel, asked the Court for an extension of time to respond to the Complaint. *See* (ECF Nos. 2–3). The Court granted their requests. Phillips, through counsel, answered on October 5, *see* (ECF No. 9), but Parkinson, who apparently remains *pro se*, never filed a responsive pleading. On November 8, at J.D.A.S.'s request, the Clerk of Court entered Parkinson's default pursuant to Federal Rule of Civil Procedure 55(a). *See* (ECF No. 10).

II

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter default judgment against a defendant who, despite having been properly served, fails to timely file a responsive pleading.[4] *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006). Before entering default judgment against a defendant, the Court must first ensure it has subject matter jurisdiction over the claims and personal jurisdiction over the defendant. *D'Onofrio*, 430 F. Supp. 2d at 437; *see also Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)

The Court has subject matter jurisdiction over J.D.A.S.'s claims pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties; J.D.A.S. is a Delaware corporation with its principal place of business in Delaware (Compl. ¶ 1), Phillips is a Pennsylvania corporation with its principal place of business in Pennsylvania (Answer ¶ 2, ECF No. 9) and Parkinson is a New Jersey resident (Compl. ¶ 3). The amount in controversy exceeds $75,000. (*Id.* at ¶ 4).

J.D.A.S. bears the burden to establish a *prima facie* case of personal jurisdiction. *Omniwind Energy Sys., Inc. v. Redo*, 2015 WL 790101 at *6 (E.D. Pa. Feb. 24, 2015) (citation omitted). The Court must determine whether Parkinson "purposefully directed [his] activities" at the forum state and whether the litigation "arise[s] out of or relate[s] to" at least one of those activities.[5] *O'Connor v. Sandy Lane Hotel Co.*, 496

---

[4] The docket reflects that the Summons and Complaint were properly served on Parkinson on August 17, 2018. *See* (ECF No. 6).

[5] The Court does not have general jurisdiction over Parkinson, who is domiciled in New Jersey. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017).

F.3d 312, 317 (3d Cir. 2007) (citations omitted). If those requirements are met, jurisdiction is "presumptively constitutional," and the Court may consider whether the exercise of jurisdiction otherwise "comports with fair play and substantial justice." *Id.* at 317, 324 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)). In contract cases, the Third Circuit Court of Appeals has instructed:

> [C]ourts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach. Parties who reach out beyond their state and create continuing relationships and obligations with citizens of another state are subject to the regulations of their activity in that undertaking. Courts are not reluctant to find personal jurisdiction in such instances. Modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.

*Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (internal citations and quotation marks omitted).

Accepting J.D.A.S.'s allegations as true, Parkinson has sufficient minimum contacts with Pennsylvania to support a finding of specific jurisdiction. J.D.A.S.'s breach of contract claims, as well as its unjust enrichment and PCSPA claims, concern Parkinson and Phillips's alleged contract with Old York and oral subcontract with J.D.A.S. According to the Complaint, Parkinson deliberately targeted Pennsylvania by negotiating and entering both contracts, knowing that both involved construction and site improvement in Pennsylvania. He reached beyond his own state, New Jersey, and created obligations with Pennsylvania and Delaware corporations; those obligations were allegedly breached in Pennsylvania.

The exercise of specific jurisdiction over Parkinson also comports with fair play and substantial justice. Accepting J.D.A.S.'s allegations as true, the burden on

5

Parkinson to litigate in Pennsylvania does not seem high, given his alleged participation in multiple construction projects in Pennsylvania. Pennsylvania has an interest in adjudicating a dispute about contracts for construction within the state. J.D.A.S. has a substantial interest in obtaining convenient and effective relief, and the interstate and international judicial system likewise has an interest in resolving the case as efficiently as possible. *See O'Connor*, 496 F.3d at 324 (quoting *Burger King,* 471 U.S. at 477 and *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 115 (1987)).

III

The Third Circuit Court of Appeals "does not favor entry of defaults or default judgments," and a plaintiff is not entitled to entry of default judgment as of right. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195).

Upon consideration of these factors, the Court finds that default judgment against Parkinson is not warranted. First, J.D.A.S. has not demonstrated how it would be prejudiced by denial of default on the issue of Parkinson's liability, particularly given that Phillips has answered the Complaint. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 52 (3d Cir. 2003). Second, because Parkinson has not yet answered, the Court

6

is unable to determine whether he has a litigable defense.[6] *See id.* Finally, culpable conduct is "conduct that it 'taken willfully or in bad faith.'" *Chamberlain*, 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983)). While Parkinson's failure or refusal to "engage in the litigation process," particularly after the Court granted him an extension of time to do so, "may qualify as culpable conduct with respect to the entry of a default judgment," *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 272 (E.D. Pa. 2014) (internal citation and quotation marks omitted), there is nothing to suggest that Parkinson's failure to answer was more than negligent. *See Chamberlain*, 210 F.3d at 164; *Hill*, 69 F. App'x at 52.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[6] Parkinson may have several meritorious defenses to J.D.A.S.'s claims. J.D.A.S. did not attach any of its alleged contracts or assignments to the Complaint, and it is unclear from the allegations in the Complaint whether Parkinson himself was even a party to the Phillips's contracts with Old York and J.D.A.S. *Compare* (Compl. ¶ 18 ("In 2014, Old York, LLC ("Old York") entered into a contract with Phillips.")) and (*id.* at ¶ 29 ("As a result of the Lien Claim . . . JDAS received all rights Old York had against Phillips.")) *with* (*id.* at ¶ 48 ("As set forth above, Phillips, Parkinson and Old York were parties to a contract between them.)).

J.D.A.S. also asks for entry of default judgment on all Counts of the Complaint despite the fact that Count III is pleaded in the alternative of Counts I and II. The Court cannot enter judgment against Parkinson on alternate theories of liability. *See generally Omniwind Energy Sys.*, 2015 WL 790101 at *17 (denying entry of default judgment on breach of contract and unjust enrichment claims pleaded in the alternative).